German Yusufov
YUSUFOV LAW FIRM PLLC
5151 E. Broadway Blvd., Suite 1600
Tucson, Arizona 85711
Telephone: (520) 745-4429
Email: bankruptcy@yusufovlaw.com
State Bar No. 023544
Attorney for Plaintiff

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TONI LEIGH LEON, aka TONI LEIGH MCNIEL, aka TONI LEIGH MELLINO,<br><br>Debtor(s). | Chapter 7<br><br>Case No.: 4:12-bk-03283-JMM |
| TONI LEIGH LEON, aka TONI LEIGH MCNIEL, aka TONI LEIGH MELLINO,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN EDUCATION SERVICES, a Pennsylvania corporation; NATIONAL COLLEGIATE TRUST; ACS EDUCATION SERVICES, INC.; NELNET, INC., a Nebraska corporation; SALLIE MAE, INC., a Delaware corporation; U.S. DEPARTMENT OF EDUCATION; GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., a Wisconsin corporation,<br><br>Defendants. | Adv. No.: 4:13-ap-00246-JMM<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** |

Page 1 of 4

Comes now Plaintiff, Toni Leigh Leon, and for her Complaint against Defendants, American Education Services, National Collegiate Trust, ACS Education Services, Inc., Nelnet, Inc., Sallie Mae, Inc., U.S. Department of Education, and Great Lakes Educational Loan Services, Inc., alleges as follows:

## NATURE OF ACTION

1. This action is brought pursuant to 11 U.S.C. § 523(a)(8) and Fed. R. Bankr. P. 4007 to determine the dischargeability of the debt owed by Plaintiff to Defendants.

## PARTIES

2. Plaintiff Toni Leigh Leon is an individual, and was the debtor in a Chapter 7 bankruptcy case before this Court, case no. 4:12-bk-03283-JMM.

3. Defendants are the holders, or the agents of the holders, of the debt that is the subject of this Complaint.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a), and venue is proper pursuant to 28 U.S.C. § 1409.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## FACTS

6. Plaintiff Toni Leon ("Ms. Leon") is a forty-one-year-old mother of two, and works full time as a medical assistant.

7. During her adult life, Ms. Leon had enrolled in several educational programs, aimed at improving her employment prospects and improving her earning potential. These included: a Medical Assistant program in 1992, a nail tech program in 2001, an Associate's program

spanning several years, and a Bachelor program in early childhood development in 2009 that was not completed. Ms. Leon obtained loans to help pay for all of these programs.

8. The current total outstanding balance on all of Ms. Leon's student loans owed to Defendants is approximately $120,000.

9. Despite having the various degrees and certifications, Ms. Leon has only been able to obtain work as a medical assistant, and has worked in that field since 1993. Her income during that time has ranged from $8.50/hour to $16.52/hour (her current income). Ms. Leon works as a site coordinator for a physicians' office, and has reached the top of her pay scale. She has no reasonable prospect of increasing her income in her current position.

10. Ms. Leon has also sought other work that would allow her to increase her income beyond its current level, but was unable to qualify for higher-paying jobs with her educational background.

11. Ms. Leon has made good faith efforts to repay her student loan debt, and has worked with her lenders to the extent she could. Some of the Defendants, in particular Sallie Mae/U.S. Department of Education, have allowed Ms. Leon to apply for an income-based repayment plan. However, the repayment plan does not impact the principal amount, and in fact results in the principal amount increasing over time due to accruing interest. Accordingly, Plaintiff has no prospect of repaying the loan or reducing her principal balance.

12. The remaining Defendants have refused to work with Ms. Leon, and have demanded monthly payments in the approximate amount of $1,250, which is beyond her financial ability to pay. In addition, due to the accruing interest, Ms. Leon's total student loan debt is constantly increasing. Accordingly, Ms. Leon has no prospect of repaying the loan or reducing her principal balance.

Page 3 of 4

Case 4:13-ap-00246-EWH    Doc 1    Filed 02/28/13    Entered 02/28/13 12:00:39    Desc
Main Document    Page 3 of 4

## **COUNT ONE: DISCHARGEABILITY UNDER 11 U.S.C. 523(A)(8)**

13. Ms. Leon cannot maintain, based on current income and expenses, a minimal standard of living for herself and her dependents if forced to repay the loans.

14. Such a state of affairs is likely to persist for a significant portion of the repayment period of the student loans, as Ms. Leon has no reasonable prospects of increasing her income given her employment history and her educational background.

15. Ms. Leon has made good faith efforts to repay the loans, and has attempted to work with Defendants on alternative repayment options.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant her judgment as follows:

1. Find that the debt owed by Plaintiff to Defendants is dischargeable, and is discharged as the result of Plaintiff's bankruptcy filing;

2. Grant such further relief as the Court deems just.

DATED this 28th day of February, 2013.

YUSUFOV LAW FIRM PLLC

　　/s/ German Yusufov　　　　
　German Yusufov
　Attorney for Plaintiff